Filed 7/3/23  P. v. Serrano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GILBERT ISRAEL SERRANO, <br><br> Defendant and Appellant. | B323371 <br><br> (Los Angeles County Super. Ct. No. BA176519) <br><br> MODIFICATION ORDER [No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed herein on June 29, 2023, be modified as follows:

On page 1, replace Sean D. Coen, Judge with Ronald S. Coen, Judge.

_____

CURREY, ACTING P.J.          COLLINS, J.          MORI, J.

Filed 6/29/23  P. v. Serrano CA2/4 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE, | B323371 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA176519) |
| v. | |
| GILBERT ISRAEL SERRANO, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Jeannie Grimmond Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Gilbert Serrano appeals from the superior court's order denying his motion to stay a victim restitution award pursuant to Penal Code section 1202.4.[1] His appointed counsel filed a brief raising no issues and requesting that this court follow the notice procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant filed a supplemental brief. We have considered appellant's brief and find he has not established error. We therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

We discuss here only the facts relevant to the instant appeal. In 1997, appellant performed unlicensed dental work on the victim and kissed her against her will. A jury convicted appellant of battery causing serious bodily injury (§ 243, subd. (d); count one); false imprisonment (§ 236; count two); and misdemeanor unlicensed practice of dentistry (Bus. & Prof. Code, § 1701, subd. (f); count three). As to count one, the jury found true the allegation that appellant personally inflicted great bodily injury (§ 12022.7). Appellant admitted that he had been convicted of two prior strike felonies (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).

The superior court sentenced appellant to a total of 60 years to life in prison, as follows: 25 years to life on count one; a consecutive term of 25 years to life on count two, plus ten years for the two prior strike convictions (§ 667, subd. (a)(1)); and a concurrent term of six months in county jail on count three. The

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of our prior opinion in this matter, *People v. Serrano* (June 28, 2000, B132400) [nonpub. opn.]. The procedural and factual background set forth here is largely drawn from this opinion.

court stayed a three-year sentence for the section 12022.7 enhancement on count one.  The court also imposed a restitution fine of $10,000 pursuant to section 1202.4, subdivision (a)(3) and ordered appellant to pay restitution to the victim in the amount of $10,000 pursuant to section 1202.4, subdivision (f).  Appellant appealed, and a different panel of this court affirmed his convictions in *People v. Serrano* (June 28, 2000, B132400) [nonpub. opn.].

In 2020, the District Attorney of Los Angeles County (the People) recommended that the superior court recall appellant's sentence and resentence him pursuant to section 1172.1 (former section 1170, subdivision (d)(1)).[3]  The superior court recalled appellant's sentence and resentenced him pursuant to section 1172.1 to 25 years to life.  The court also reduced the restitution fine ordered pursuant to section 1202.4, subdivision (a) from $10,000 to $200; the $10,000 victim restitution order under section 1202.4, subdivision (f) remained unchanged.

Appellant appealed from the resentencing in 2022.  His counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  A different panel of this court again affirmed the judgment in *People v. Serrano* (Feb. 21, 2023, B310169) [nonpub. opn.].  We noted that appellant was not entitled to a *Wende* review and declined to exercise our discretion to independently review the record.  We further found that

---

[3]  Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) moved the recall and resentencing provisions from section 1170, subdivision (d)(1) to former section 1170.03, which has since been renumbered without substantive change as section 1172.1.  (See Stats. 2022, ch. 58, § 9.)  We hereafter refer to the statute as section 1172.1.

appellant had not raised any arguments regarding resentencing in his supplemental brief and that his challenges to his conviction were not properly before the court.

In 2022, appellant filed a motion to "stay fines in excess of $200," arguing that the $10,000 victim restitution fine must be stayed unless the prosecution could demonstrate his ability to pay. The superior court denied his motion, finding that, pursuant to section 1202.4, subdivision (g), a defendant's ability to pay "shall not be a consideration" in determining the amount of victim restitution under section 1202.4.[4]

Appellant timely appealed. On appeal, appellant's appointed counsel filed a brief raising no issues and requesting that this court follow the procedures set forth in *Delgadillo, supra,* 14 Cal.5th 216. In *Delgadillo*, our Supreme Court held that when appointed counsel finds no arguable issues in an appeal from the denial of a petition for resentencing under section 1172.6, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.)

Although this is not an appeal involving section 1172.6, we followed the procedures described in *Delgadillo* and directed counsel to send the record and a copy of the brief to appellant. We also notified appellant of his right to respond within 30 days

---

[4] Section 1202.4, subdivision (g) provides that "[a] defendant's inability to pay shall not be a consideration in determining the amount of a restitution order."

4

and that his appeal could be dismissed if he failed to respond. Appellant filed a supplemental letter brief.

## DISCUSSION

Appellant's supplemental brief raises no issues related to the denial of his motion to stay restitution. He is not entitled to a *Wende* review of the record and has not established any error in the superior court's denial of his motion to stay restitution. We therefore affirm the court's order.

## DISPOSITION

The order denying appellant's motion is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, ACTING, P.J.


MORI, J.

5